Barone Lumber Company
vs.                          Eq. No. 9916.
Edgar B. Sowden

April 9, 1930.

BLODGETT, P. J. Bill in equity for annulment of a tax deed.

Complainant, a corporation, May 18, 1926, purchased two lots, being lots 5 and 6 on Filed Farm Plat, with a building thereon. The deed was recorded in Providence Records of real estate July 21, 1926.

A tax was assessed upon this property by the City of Providence June 15, 1926, against the record owner. No question is raised as to the validity of the assessment. This tax was unpaid by said complainant. June 9, 1927, a tax sale was made of said lots to the respondent, Edgar B. Sowden, for $130.45 and said deed was duly recorded.

Complainant claims the tax deed to be invalid because:

(1) No notice of sale was given respondent.

(2) The City Treasurer failed to make his return after the sale, as required by law.

General Laws, 1923, Chapter 62, provides:

"Sec. 13. If the person to whom the estate is taxed be a resident of this State, the collector shall, in addition to the foregoing, cause notice of his levy, and of the time and place of sale, to be left at his last and usual place of abode, or personally served on him, at least twenty days previous to the day of sale.

"Sec. 14. In case the collector shall advertise for sale any property, real, personal or mixed, in which any person other than the person to whom the tax is assessed has an interest, he shall, provided the interest of such other person appears upon the records of the town, leave a copy of the notice of such sale at the last and usual place of abode, or personally with such other person, if within the state, twenty days prior to the time of such sale."

Articles of Association of complainant corporation (Complainant's Exhibit D) in the fourth section of charter locates same in Providence.

The names of the four incorporators are signed to the articles, and following each name is the residential address of such incorporator. The residential address of Frank Vincent, one of said incorporators, is given as 47 Strathmore Road, Edgewood. Edgewood is in the City of Cranston.

In the Annual Report of the Barone Lumber Co. (Complainant's Exhibit E) filed February 13, 1927, the location of the principal office in Rhode Island is given as 403 Charles Street, Providence, R. I.

In the tax book (Complainant's Exhibit B) the treasurer of the City of Providence recites that he caused notice of the levy and the time and place of sale to be issued to * * * and to Frank Vincent, Treasurer * * * all of Providence, Rhode Island.

The return of the officer (Timothy E. O'Neil) (Complainant's Ex. F), who served the tax notice, dated Providence, R. I., Dec. 18, 1928, recites that he served a tax notice on the Barone Lumber Co., Frank Vincent, Treas., at 47 Strathmore Road, Edgewood, R. I.

The return of the City Treasurer upon the estates sold for taxes in 1927 (Complainant's Ex. H) is dated June 18, 1927, and is sworn to as of June 20, 1927.

As to service of the notice of sale (Complainant's Ex. F) it will be noticed that O'Neil returns that he served on each of the parties a tax notice, without stating the manner in which such notice was served, whether personally or at the last and usual place of abode of the person served. The return as to notice is indefinite, save that it was served at a certain numbered house on Strathmore Road, Edgewood.

Many years have passed since the statutes relating to real estate were adopted, and although times have changed, these statutes have not. No provision is made as to how a tax notice shall be served upon a corporation.

Sec. 405, Gen. Laws, Chapter 32, says:

"The word 'person' may be construed to extend to and include co-partnerships and bodies corporate and politic."

If we construe a corporation to be within the meaning of "the person" as used in Sec. 13 of Chapter 62, Gen. Laws, then a tax notice must be left at the last and usual place of abode of the corporation to be notified. Sec. 14 of the same chapter makes the same provision relative to "any person" other than "the person" to whom the tax is assessed has an interest.

The court is of the opinion that the last and usual place of abode of a corporation is either the location of its business office or its business location. The annual report of the Barone Lumber Co., filed February 3, 1927, plainly states that the location of its place of business or principal office is at 403 Charles Street, Providence, R. I.

The provisions of Sec. 14 are mandatory and a condition precedent to a valid tax sale.

As to the return of the collector of taxes filed under the provisions of Sec. 16, Chap. 62, G. L. 1923, the court is of the opinion that such return, even if not filed within the time subscribed, would not invalidate the tax sale. The notice of the tax sale was not properly served.

A decree may be entered declaring the tax deed invalid.

For complainant: Archambault & Archambault.

For respondent: McGovern & Slattery.